Filing # 253224101 E-Filed 07/24/2026 01:28:22 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE COUNTY COURT OF**
**MIAMI DADE COUNTY, FLORIDA**

| | | |
|---|---|---|
| **LATICKA WHITING,** | ) | |
| | ) | |
| **Plaintiff,** | | |
| **v.** | ) | **Case No.** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) | |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

## INTRODUCTION

**1.** This is an action for actual and statutory damages brought by Plaintiff, Laticka Whiting, (Plaintiff"), an individual consumer, against Defendant Equifax Information Services, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA"), stemming from its failure to ensure accurate, complete, and verifiable information on Plaintiff's credit report.

## JURISDICTION AND VENUE

2. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the state of Florida. This suit arises directly from Defendant's specific conduct with Plaintiff.

## PARTIES

3. Plaintiff is a natural person residing in Florida.

4. Plaintiff is a *Consumer* as defined by 15 U.S.C § 1681a(c).

5. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

6. Equifax is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7. Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f).

**Equifax's Disclosure was Incomplete, Unclear, or Inaccurate:**

**Omission of Original Creditors**

**8.** On or about July 9, 2026, Plaintiff requested a copy of her consumer disclosure from Equifax.

**9.** Pursuant to 15 U.S.C. § 1681g(a), upon receiving Plaintiff's request, Equifax was legally required to provide a clear and accurate disclosure of all information in Plaintiff's file as of the date of the request, with the exception that Plaintiff's Social Security number could be truncated upon request.

**10.** Equifax furnished an electronic copy of Plaintiff's Consumer Credit Disclosure (hereinafter 'the Disclosure') to her, accessible from her residence in Florida.

**11.** Despite its statutory obligation to provide a complete and accurate disclosure of all information in Plaintiff's consumer file, Equifax's Disclosure omitted critical information required under 15 U.S.C. § 1681g.

**12.** The Disclosure reported one or more accounts in Plaintiff's consumer file categorized as 'Credit Accounts' as evidenced by **Plaintiff's Exhibit A**, attached hereto.

**13.** In the Disclosure, Equifax classified accounts labeled as 'Credit Accounts' as types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit, as set forth in **Plaintiff's Exhibit A**, attached hereto.

**14.** The accounts appearing in the "Credit Accounts" section were reported by:

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

- LVNV Funding, LLC ("LVNV")

**15.** LVNV is a *Debt Buyer* - a company whose primary purpose is the purchase and collection of debts that were originally owed to third parties.

**16.** LVNV does not originate credit lines or loans, and as such cannot be considered an original creditor.

**17.** However, Equifax disclosed to Plaintiff that LVNV were the original creditors of the accounts, omitting the actual name of the *Original Creditor*.

18. According to the Consumer Data Industry Association ("CDIA"), the industry-leading organization for furnishers and consumer reporting agencies, the "original creditor is required for collection agencies" and "must be present each time the account is reported."

19. Further, the CDIA states the "purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports."

20. Additionally, the CDIA notes that "[w]ithout the original creditor names, consumers may not know what the accounts represent." ***See Exhibit B***

21. Thus, Equifax knows that it is required to report the original creditor's name and that its failure to do so is causing the consumer to not recognize the account.

22. Notably, the two other national credit reporting agencies, Trans Union and Experian, have abided by the CDIA's edicts and implemented procedures that assure the original creditor name is included in all collection accounts that appear in their reports.

23. If Equifax had made the same investment in its procedures that were made by both Experian and Trans Union, then Equifax's credit reports would not be produced with collection accounts that do not contain the original creditor's name.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

24. Nonetheless, Equifax continues to knowingly omit the original creditor's name because Equifax does not want to incur the costs of implementing a procedure to correct the debt collector's misclassification of the account.

25. While Equifax does not want to incur the cost of correcting the problem, Equifax continues to accept information from these unreliable debt collectors because the debt collectors are a significant source of income for Equifax.

26. Equifax has conducted a cost-benefit analysis on whether to incur the costs to fix the error or to apportion a small percentage of those would-be costs to litigating claims brought by aggrieved consumers who fell victim to its conduct.

27. In choosing to litigate rather than correct, Equifax was motivated to adopt and act on an interpretation of section 1681g that gave it grounds to litigate a defense against the claims that consumers were bound to bring against Equifax for its intentional violations of the FCRA.

28. Because the language in section 1681g and the obligations of a consumer reporting agency that arise from the said language are unambiguous, to give a cover to an otherwise indefensible defense, Equifax had to purposely adopt a reading of § 1681g that contravened the clear objective and instruction of the statute.

29. To achieve its purpose of adopting an interpretation of § 1681g that gave it cover and/or plausible denial, Equifax reads in an accuracy obligation into § 1681g where there is absolutely no language to support such a reading.

30. More specifically, while the statute clearly reads "All information in the consumer's file at the time of the request" must be "clearly and accurately disclose[d] to the consumer," § 1681g(a)(1)(A), Equifax claims that § 1681g only covers inaccurate information.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

31. The Supreme Court has instructed persons interpreting the FCRA to assure that the adopted interpretation has a foundation based in the language of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

32. There is no language in § 1681g to support Equifax's interpretation that § 1681g governs only information that is inaccurate.

33. Further, the Supreme Court has instructed anyone governed by the FCRA to heed the warnings and/or holdings of the circuit courts of appeals when it comes to interpreting duties under the FCRA. And the Second Circuit stated, albeit in an unpublished opinion, that "§ 1681g requires consumer reporting agencies to 'clearly and accurately disclose ... [*a*]*ll* information,' not *all accurate information*." *Selvam v. Experian Information Solutions, Inc.*, 651 Fed. Appx. 29, 33 (2d Cir. 2016) (citing 15 U.S.C. § 1681g(a) (emphasis in original).

34. The *Selvam* opinion was rendered in 2016, so Equifax has been on notice, from the Second Circuit, that its interpretation of section 1681g(a) was inaccurate for nearly 10 years.

35. Additionally, during that same time period, in 2015, Equifax was sued by the Ohio Attorney General and 30 other state attorney generals for, among other things, failing to report the original creditor. More particularly, as a result of the state attorneys' litigation, Equifax agreed to "revise training materials and adopt policies and procedures to notify and instruct Collection Furnishers that the name of the Original Creditor … [is a] mandatory reporting requirement[], and [Equifax] shall reject data that is not provided with the name of the Original Creditor."[1]

36. Moreover, Equifax has *direct* knowledge that its decision to omit the identity of original creditors when reporting a collection account is causing serious harm to consumers. In a

[1] https://www.ohioattorneygeneral.gov/Files/Briefing-Room/News-Releases/Consumer-Protection/2015-05-20-CRAs-AVC.aspx

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

recent lawsuit in the Middle District of Florida, Equifax admitted that its failure to report the name of the original creditor in collection accounts have led to "numerous other lawsuits filed against Equifax." *Clarke v. Equifax Information Services, LLC*, No. 8:25-cv-01499-JSM-AAS, ECF No. 20, fn. 1 (M.D. Fla. Oct. 1, 2025) (citing *Aguirre v. Equifax Information Services LLC*, 0:25-cv-61099-AHS, ECF No. 1, (S.D. Fla. June 3, 2025); *Williams El v. Equifax Information Services LLC*, 8:25-cv-01930-JRR, ECF No. 1, (D. Md. June 16, 2025); *Madaris v. Equifax Information Services LLC et al.*, Case No. 1:25-cv-00503-JPH-SKB, ECF No. 1, (S.D. Ohio June 17, 2025).

37. Based on a review of cases filed against Equifax in Pacer, consumers have been filing lawsuits against Equifax for failing to report the original creditor for years.

38. Considering Equifax has not corrected this error after being sued by consumers for many years, the costs of litigating these lawsuits for Equifax have not been sufficient to deter it from continuing to violate the FCRA.

39. Therefore, a substantial punitive damages award is in tow to be levied against Equifax so that Equifax is actually deterred from violating the FCRA in the future.

**<u>Omission of Complete Account Numbers</u>**

40. To further complicate Plaintiff’s report, Equifax omitted full account numbers for eight accounts.

41. Notably, Equifax includes full account numbers and or original creditor name when it provides credit reports to third parties, which demonstrates its capacity to comply with 15 U.S.C. § 1681g(a).

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

42. The data furnishers provided complete account numbers to Defendant for the tradelines in question, which were included in Plaintiff's consumer file at the time Plaintiff requested the Disclosure.

43. Equifax's failure to disclose full account numbers in the Disclosure to Plaintiff violates 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file, as recognized in *Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019). ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

44. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding that an alleged injury to (plaintiff's) statutorily created right to truthful housing information was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore the Art. III requirement of injury in fact [was] satisfied.

45. Furthermore, a 2000 FTC Advisory Opinion (Darcy, June 30, 2000) confirms that a consumer reporting agency's routine truncation of account numbers fails to provide the clear and accurate disclosure of all information in the consumer's file required by 15 U.S.C. § 1681g(a), as evidenced by **Plaintiff's Exhibit C,** attached hereto.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

46. The omission of full account numbers in the Disclosure caused Plaintiff significant emotional distress and difficulty in understanding and verifying her consumer file against her personal records.

47. Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand their consumer credit disclosure, identify the accounts, and compare those accounts with their own records.

**COUNT I**
**VIOLATIONS OF THE FCRA 15 U.S.C. § 1681g**

48. Plaintiff re-alleges and incorporates all factual allegations in the Complaint as if fully set out herein.

49. Pursuant to 15 U.S.C. § 1681g(a)(1), CRAs are mandated to provide a consumer with all information in the consumer's file upon request from the consumer.

50. Equifax violated § 1681g(a)(1), by failing to provide the Plaintiff with all information in her file after she requested it.

51. Equifax violated § 1681g(a)(1) by failing to provide Plaintiff with the original creditor name for certain collection accounts.

52. Equifax knowingly provided unclear and inaccurate information in Plaintiff's disclosure. As it is aware of these issues, which have been identified and disputed by other consumers for years.

53. Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

54. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that this Honorable Court enter judgment against Equifax for:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o;

e. Such other relief that this Court deems just and proper.

Respectfully submitted by:

/s/Cortney Walters
Cortney Walters, Esq.
Florida Bar No. 125159
pleadings@cewlawoffice.com
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
*Attorneys for Plaintiff*

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

# EXHIBIT A
## Plaintiff's Equifax Disclosure

### LVNV FUNDING LLC

CARE OF RESURGENT CAPITAL SERVICES L.P PO BOX 1269, PO BOX 1269, Greenville, SC 29602 | (866) 464-1183
Date Reported: **06/12/2026** | Balance: **$2,241**
Account Number: ***9832** | Owner: **Individual Account**
Credit Limit: **$0** | High Credit: **$2,241**
Loan/Account Type: **Debt Buyer Account** | Status: -

Date Opened: **01/27/2026**
Date of Last Activity: -
Scheduled Payment Amount: **$0**
Actual Payment Amount: **$0**
Date of Last Payment: -
Term Duration: -

Date of 1st Delinquency: **11/30/2021**
Date Major Delinquency 1st Reported: -
Amount Past Due: **$2,241**
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: -
Months Reviewed: **1**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **166, 057**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | - | - | - | C | - | - | - | - | - | - | - | - |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 04/26 | $2,241 | - | - | - | - | $2,241 | - | - |

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |
| 166 | Consumer Disputes This Account Information |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

# EXHIBIT B
# Credit Reporting Resource Guide, Original Credit Name Excerpt

## Field Definitions

### K1 Segment
### Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>**Note: Encoded information is not acceptable in this field.** | 30 | 3-32 | AN |

CREDIT REPORTING RESOURCE GUIDE® | 4-35

*Copyright 2011 © Consumer Data Industry Association*

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

# EXHIBIT C
## FTC's Opinion Letter

FEDERAL TRADE COMMISSION
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff